| | |
|---|---|
| ANTONIO ROMANCORREA,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, *et al*.<br><br>Defendants. | Case No. 1:20-cv-00242-NONE-JDP<br><br>ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED AS BARRED BY THE FAVORABLE-TERMINATION RULE<br><br>ORDER THAT, IF PLAINTIFF DOES NOT WISH TO PURSUE AN APPLICATION FOR HABEAS CORPUS, HE FILE AN AMENDED COMPLAINT<br><br>THIRTY-DAY DEADLINE<br><br>ORDER THAT THE CLERK'S OFFICE SEND PLAINTIFF AN APPLICATION FOR A WRIT OF HABEAS CORPUS |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Antonio Romancorrea is a state prisoner proceeding without counsel in this civil rights action.[1] Plaintiff argues that his conviction and sentence are unlawful, and requests relief "for being incarcerated for the crime that [he] did not commit." ECF No. 1 at 6.

Habeas relief is the exclusive remedy for a prisoner challenging the fact or duration of his confinement. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Even if plaintiff wishes to obtain relief other than his release—relief that might properly be channeled through a civil rights complaint rather than a habeas petition—plaintiff would first need to show that his underlying

---

[1] On the first page of plaintiff's complaint form, he has not filled in any of the boxes indicating how the court has jurisdiction over the action. ECF No. 1 at 1.

1

conviction has been invalidated. *See Heck*, 512 U.S. at 487. Accordingly, the court orders plaintiff to make such a demonstration. If he cannot, we will recommend that his claims be dismissed as barred by the so-called favorable-termination rule of *Heck v. Humphrey*.

Instead of filing this lawsuit, plaintiff may wish to file a petition for habeas corpus. If so, that petition should comply with the requirements of 28 U.S.C. § 2254, including the requirement of § 2254(b)(1)(A) that the petitioner has first "exhausted the remedies available in the courts of the State" in which he was convicted. In other words, before he is able to receive relief here in federal court, plaintiff must have finished the appeals process in his state of conviction.

The court notes that plaintiff's complaint includes brief allegations that he has limited law library access, lives in a facility that has leaks, and works in a kitchen space that is dirty and slippery. *See* ECF No. 1 at 5. These allegations are different from the main thrust of plaintiff's complaint—which concerns his conviction and incarceration—and, standing along, they are insufficient to state a claim. They do not identify any defendants that have deprived plaintiff of a right. To state a claim under 42 U.S.C. § 1983, for example, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).

More broadly, a complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

Should plaintiff wish to pursue a claim that prison officials have deprived him of a federal right—and, again, the court believes plaintiff is primarily interested in challenging the fact of his

2

conviction or incarceration—he must submit an amended complaint that makes those allegations in more detail.

**ORDER**

1. Plaintiff has thirty days to show cause why his central claim of illegal incarceration should not be dismissed as barred by *Heck v. Humphrey*. Plaintiff may make this showing by demonstrating that his underlying conviction has been invalidated.

2. Alternatively, or in addition, plaintiff may wish to file an amended complaint that focuses on alleged constitutional deprivations in his prison. Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

3. The clerk's office is ordered to send plaintiff an application form for a writ of habeas corpus.

4. Failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated:  March 24, 2020                                    _____
                                                          UNITED STATES MAGISTRATE JUDGE

No. 205.