UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ROMANCORREA,<br><br>  Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, *et al*.,<br><br>  Defendants. | Case No. 1:20-cv-00242-NONE-JDP<br><br>ORDER TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN 45 DAYS<br><br>ORDER THAT THE CLERK'S OFFICE SEND PLAINTIFF AN APPLICATION TO PROCEED IN FORMA PAUPERIS AND A COMPLAINT FORM<br><br>ORDER THAT PLAINTIFF FILE A SECOND AMENDED COMPLAINT WITHIN 45 DAYS<br><br>ECF No. 9<br><br>ORDER DISCHARGING THE COURT'S ORDER TO SHOW CAUSE<br><br>ECF No. 2 |

Plaintiff Antonio Romancorrea is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's original complaint sought relief "for being incarcerated for the crime that [he] did not commit." ECF No. 1 at 6. On March 24, 2020, the court ordered that plaintiff show cause why his case should not be dismissed as barred by the so-called favorable-termination rule of *Heck v. Humphrey*, and suggested that he may wish to file a petition for habeas corpus instead of a civil rights complaint. ECF No. 2. Plaintiff moved three times for an extension of time to respond, *see* ECF Nos. 3, 5, 7, then responded to the order to

show cause by filing an amended complaint. ECF No. 9. Plaintiff's amended complaint adds new defendants—including the district attorney, the judge that sentenced him, and his prison counselor. The amended complaint also appears to add new claims, *see* ECF No. 9 at 5, although these claims appear in the form of a list of cases and rights, and the court is unable to determine what plaintiff believes each defendant has done to violate his rights. The amended complaint also has fifty pages of assorted attachments. Plaintiff's central complaint still appears to be that he was unlawfully convicted and sentenced for a crime that he did not commit.

The court will give plaintiff one more chance to file, within 45 days, an amended complaint that states a legally cognizable claim. Again, if plaintiff's complaint is that he is unlawfully incarcerated, he *must* seek relief in the form of a petition for habeas corpus, not a § 1983 complaint. The court does not mention this fact to suggest that plaintiff's claims have no merit. Instead, it is simply a point about the proper legal framework through which plaintiff must seek relief. In addition, plaintiff cannot change the nature of this suit in his amended complaint by adding new, unrelated claims or new, unrelated defendants. *See* Fed. R. Civ. P. 18. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. Plaintiff must be detailed and specific about what each defendant did.

Finally, plaintiff has not paid the $400.00 filing fee or applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Thus, should plaintiff wish to proceed with this suit— rather than pursue a petition for habeas corpus—he shall submit the attached application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $400.00 filing fee for this action.

**ORDER**

1. Within forty-five days from the service of this order, plaintiff must file a Second Amended Complaint, if he wishes to proceed with this lawsuit.

2. Within forty-five days from the service of this order, plaintiff must file an application to proceed *in forma pauperis*, or pay the filing fee, if he wishes to proceed with this lawsuit.

3. Failure to comply with this order will result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form and an *in forma pauperis* application.

5. The court's order to show cause, ECF No. 2, is discharged.

IT IS SO ORDERED.

Dated:   July 14, 2020                                   _____
                                                         UNITED STATES MAGISTRATE JUDGE

No. 205.