1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11 ANTONIO ROMANCORREA,

12                 Plaintiff,

13     v.

14 SUPERIOR COURT OF CALIFORNIA,
COUNTY OF RIVERSIDE, MR. ALAN
15 TATE, MR. DAVE MACHER; HON.
JUDGE THOMAS KELLY, MR. CATES,
16
                Defendants.
17

Case No.  1:20-cv-00242-JLT-HBK (PC)

FINDINGS AND RECOMMENDATIONS TO
DISMISS SECOND AMENDED
COMPLAINT FOR FAILURE TO STATE A
CLAIM

FOURTEEN-DAY OBJECTION PERIOD

(Doc. No.  18)

18

19       Plaintiff Antonio Romancorrea is proceeding *pro se* in this civil rights action filed under

20 42 U.S.C. § 1983.  Plaintiff's Second Amended Complaint is before the Court for screening.

21 (Doc. No. 18).  For the reasons stated herein, the undersigned recommends the district court

22 dismiss the Second Amended Complaint for failure to state a claim.

23                           **I.  BACKGROUND**

24     **A.  Procedural Posture**

25       Plaintiff is a state prisoner incarcerated in the California Department of Corrections and

26 Rehabilitation (CDCR) at the California Correctional Institution (CCI) who  initiated this action

27 by filing a pro se complaint.  (Doc. No. 1).  Plaintiff paid the full filing fee.  (*See* Doc. No. 2,

28 Receipt No. CAE100045017).  In his initial complaint, Plaintiff argued his conviction and

sentence were unlawful and requested relief "for being incarcerated for a crime that [he] did not commit."  (Doc. No. 1 at 6).  The complaint also contained brief allegations that Plaintiff had limited access to the law library, the facility in which he is housed has leaks, and he works in a kitchen that is dirty and slippery.  (*Id*. at 5).  Noting that a prisoner raising claims related to the fact or duration of confinement is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), the Court issued an order directing Plaintiff to show cause why the action should not be dismissed as barred by the favorable-termination rule, suggesting Plaintiff may wish to file a habeas corpus petition. (Doc. No. 2).  In the alternative, the Court advised Plaintiff if he wished to pursue the conditions of his confinement, he could file an amended complaint.  (Doc. No. 2).

Plaintiff elected to file a first amended complaint.  (Doc. No. 8, FAC).  After screening, the Court noted the FAC added new Defendants, including the district attorney, the judge that sentenced Plaintiff, and a prisoner counselor, but also included new claims along with 50 assorted pages as exhibits.  (Doc. No. 10 at 1-3).  Noting that Plaintiff's central theme was that he was unlawfully incarcerated, the Court again advised Plaintiff that he should file a habeas petition but permitted Plaintiff one final opportunity to file a second amended complaint if he wished to challenge the fact or duration of his confinement.  (*Id.* at 2).

## B.  The Operative Pleading

Plaintiff filed a Second Amended Complaint, which identifies the following defendants: the Superior Court of California located in the County of Riverside; Mr. Alan Tate, District Attorney; Mr. Dave Macher, Public Defender; the Honorable Thomas Kelly; and Mr. Cates, Warden of CCI. (Doc. No. 18 at 1-3).  The SAC attaches over 20 pages of exhibits, which include a "Notice of Rejection" from the Superior Court to a "Copy Request," excerpt from the California penal code, Plaintiff's request and other inmates' requests to CDCR for early parole and CDCR's decisions denying the same, Plaintiff's Rehabilitative Case Plan, Plaintiff's Legal Status, and Correspondence from the Prison Law Office regarding CDCR's 12-week time, credit award and new release programs.  (*Id.* at 6-29).  As evidenced by the exhibits, Plaintiff is serving a 50-year sentence for five counts of Lewd Act Upon a Child.  (*Id.* at 8).

Plaintiff attempts to state two separate claims.  In each, Plaintiff argues he was denied

2

access to court, due process, and freedom from cruel and unusual punishment.  (*Id.* at 3, 4).
Plaintiff's first clam raises alleged errors in connection with Plaintiff's underlying state criminal
prosecution.  Plaintiff alleges he was denied access to court because he made a request to the
clerk of the superior court to obtain copies of reports from the investigators, law enforcement, and
probation concerning his criminal prosecution and was told none exist.  (*Id.* at 3).  Regarding the
district attorney, Plaintiff states he charged him with five counts for offenses which all occurred
on the same day—January 1, 2021, and he denies committing the offenses.  (*Id.* at 3-4).
Regarding his defense attorney, Plaintiff contends he "forced [him] to get the deal" because
otherwise he would get a life sentence.  (*Id.* at 4).  Concerning the judge, Plaintiff states the judge
"knows the United States Sentencing guidelines," but ignored them and went to a "higher 50 yrs."
(*Id.* at 4).

In his second claim, Plaintiff challenges the calculation of his sentence.  (*Id*).  To the
extent discernable, Plaintiff argues because he was not charged with a serious or violent offense
and is not a "striker offender" his sentence should not have been enhanced.  (*Id.*).  Plaintiff also
vaguely states that the clerk "must" have mailed his legal documents to CDCR, but he never
received them.  (*Id.* at 5).

Plaintiff seeks unspecified "relief" stating, "Hon Justice Kavanaugh said before his
hearing no one is above the law."  Plaintiff requests the Court "grant" his complaint.  (*Id.*).

## II.  STANDARD OF REVIEW

Plaintiff commenced this action while in jail and is subject to the Prison Litigation Reform
Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief
against a governmental entity, its officers, or its employees before directing service upon any
defendant.  28 U.S.C. § 1915A.  This requires the Court to identify any cognizable claims and
dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon
which relief may be granted, or that seeks monetary relief from a defendant who is immune from
such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing
actions where the plaintiff is proceeding *in forma pauperis*).

At the screening stags, the court accepts the factual allegations in the complaint as true,

3

1    construes the complaint in the light most favorable to the plaintiff, and resolves all doubts in the

2    Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339

3    F.3d 920, 925 (9th Cir. 2003).  A court does not have to accept as true conclusory allegations,

4    unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643

5    F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an

6    arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989);

7    *Franklin*, 745 F.2d at 1227.

8           The Federal Rules of Civil Procedure require only that the complaint include "a short and

9    plain statement of the claim showing the pleader is entitled to relief. . .."  Fed. R. Civ. P. 8(a)(2).

10   Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient

11   factual detail to allow the court to reasonably infer that each named defendant is liable for the

12   misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*,

13   572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

14   sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

15   *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not

16   required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17   statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required

18   to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir.

19   2009) (internal quotation marks and citation omitted).

20                                    **III. LAW AND ANALYSIS**

21          **A.  Plaintiff's Claims Must Be Pursued Via a Habeas Petition**

22          Plaintiff challenges his underlying conviction and his 50-year sentence as unlawful.  A

23   prisoner who wishes to challenge the fact or duration of confinement must pursue relief through a

24   habeas corpus action under 28 U.S.C. § 2254.  *Preiser v. Rodriquez*, 411 U.S. 475, 500,  (1973);

25   *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  Civil rights actions brought under 42

26   U.S.C § 1983 challenge unconstitutional the conditions of confinement.  *Preiser*, 411 U.S. at 499;

27   *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). "[A] prisoner in state custody cannot use a §

28   1983 action to challenge the fact or duration of his confinement," but rather must seek habeas

1  corpus relief. *Cervantes v. Pratt*, 224 F. App'x 697, 700 (9th Cir. 2007)(citing *Wilkinson v.*
2  *Dotson*, 544 U.S. 74, 78 (2005)); *see also Heck v. Humphrey*, 512 U.S. 477 (1994).

3  In two prior screening orders, the Court warned Plaintiff that he cannot file a § 1983 claim
4  related to his criminal conviction.  Despite the Court twice explaining that challenges to duration
5  of confinement or seeking speedier release must be raised in a habeas corpus petition, Plaintiff
6  continues to contest the fact or duration of confinement under the guise of § 1983.  Thus, the
7  undersigned recommends the district court dismiss the Second Amended Complaint and advise
8  Plaintiff that to the extent Plaintiff he wishes to challenge any aspect of his criminal conviction or
9  sentence, he must do so through a writ of habeas corpus, not under the guise of a civil rights
10  action.

11  **B.  Judges Are Entitled to Absolute Judicial Immunity**

12  The SAC names various people who were involved with Plaintiff's underlying state
13  criminal trial as Defendants.  To the extent Plaintiff names Judge Thomas Kelly, the superior
14  court judge who presided over his criminal trial, Judge Kelly is entitled to absolute immunity
15  from suit.  Judicial immunity is immunity from suit, not just immunity from damages.  *Mireles v.*
16  *Waco*, 502 U.S. 9, 11 (1991) (other citations omitted).  This immunity applies even when the
17  judge's acts are in error, malicious, or were in excess of his or her own jurisdiction.  *Id.* (noting
18  judicial immunity applies even when a judge is accused of acting maliciously and corruptly).
19  Whether an action is "judicial," is determined by the nature of the act and whether it is a function
20  normally performed by a judge.  *Id.* at 14.   Judges do not have immunity if: (1) their actions were
21  not taken in the judge's judicial capacity; and (2) their actions were taken in the absence of
22  jurisdiction.  *Id.* (citations omitted); *see also Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir.
23  1974)("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of
24  judges from civil liability for acts done by them within their judicial jurisdiction.").  Neither
25  exception is present here.  Plaintiff faults the presiding judge on the basis that the sentence
26  imposed was excessive.  Presiding over a criminal trial and sentencing a defendant thereafter fall
27  squarely within judicial capacity.  Thus, the Second Amended Complaint should be dismissed as
28  against Judge Kelly because he is immune from suit.

### C.  Prosecutors Are Entitled to Immunity

The SAC next names Alan Tate, the district attorney who prosecuted Plaintiff.  Like judges acting in their judicial capacity, prosecutors also enjoy immunity from suits when they act within the scope of their prosecutorial duties.  *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). The common-law immunity of a prosecutor stems from concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his [or her] public duties...." *Id.*  Here, Plaintiff challenges the prosecutor's charging decisions.  These allegations are evident that Plaintiff seeks to sue the prosecutor for acts taken in his prosecutorial capacity. Thus, the Second Amended Complaint should be dismissed as against Alan Tate because he is immune from suit

### D.  Public Defender Is Not a State Actor

When public defenders are acting in their role of advocate they are not acting under the color of state, or federal, law for purposes of a § 1983 or a *Bivens* action.  *See Georgia v. McCollum*, 5050 U.S. 42, 53 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25 (9th Cir. 2003) (en banc).  The United States Supreme Court has concluded that public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of s state supervisor.  *Vermont v. Brillon*, 556 U.S. 81, 91 (2009).  Accordingly, Plaintiff may not bring a action under § 1983 against Mr. Dave Macher, his court-appointed defender for his role in connection with his role defending Plaintiff in the underlying criminal case.

### E.  No Claim Stated Against Clerk of Superior Court or Warden

The SAC contains no specific allegations against Warden Cates.  His name appears only in passing after Plaintiff states he risk assessment is "low 1."  Liberally construed, the SAC attempts to state an access to court claim based on the wrongful interference with delivery of his mail.  However, the SAC contains only a vague allegation that Plaintiff requested certain reports authored by investigators, law enforcement, and parole officers from the clerk of the superior court and was told there were no records, or, in the alterative, the clerk mailed any legal documents to CDCR but Plaintiff did not receive the documents.

1    To pursue an access claim at the pleading stage, a plaintiff must articulate hat he has

2    suffered an "actual injury" by plausibly alleging that state officials interfered with his "capability

3    of bringing contemplated challenges to sentences or conditions of confinement before the courts."

4    *Lewis v. Casey*, 518 U.S. 343, 349, 353 n.3 (1996).  To satisfy this standard, a plaintiff must plead

5    that a state or prison official took some action that prevented the plaintiff from having

6    "'meaningful access' to the courts."  *Phillips v. Hust*, 588 F.3d 652, 655-56 (9th Cir. 2009)

7    (quoting *Lewis*, 518 U.S. at 351).  Simply alleging a wrongful act without any concomitants does

8    not suffice.  *Lewis*, 518 U.S. at 351.  The "right at issue" is not "the right to a law library" or the

9    right to receive one's mail.  The right is to have access to the court to advance one's qualified

10   claim.  *Id.* at 350.  Thus, an "inmate ... must ... demonstrate that the alleged shortcomings ...

11   hindered his efforts to pursue a legal claim."  *Id.* at 351.  Here, the SAC identifies no case

12   Plaintiff sought to bring that was thwarted by his inability to obtain or receive the nondescript

13   documents.  Thus, the Second Amended Complaint does not articulate a plausible access to court

14   claim.

15                    **CONCLUSION AND RECOMMENDATION**

16   Plaintiff has had the opportunity on two occasions to cure the deficiencies in his prior

17   complaints.  (See Doc. Nos. 2, 10).  In each of these orders, the Court instructed Plaintiff on the

18   applicable law and pleading requirements.  Despite affording Plaintiff an opportunity to correct

19   the deficiencies, the SAC fails to adequately state any plausible § 1983 claim.  Thus, the

20   undersigned recommends the district court dismiss the SAC without further leave to amend.

21   *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258,

22   1261 (9th Cir.1992) (noting discretion to deny leave to amend is particularly broad where court

23   has afforded plaintiff one or more opportunities to amend his complaint)).

24   Accordingly, it is **RECOMMENDED**:

25   The Second Amended Complaint be dismissed for failure to state a claim, that the Clerk

26   of Court enter judgment accordingly, and close this case

27                         NOTICE TO PARTIES

28   These findings and recommendations will be submitted to the United States District Judge

7

1   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

2   after being served with these findings and recommendations, a party may file written objections

3   with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings

4   and Recommendations."  Parties are advised that failure to file objections within the specified

5   time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

6   (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

7

8   Dated:    November 22, 2022

9                                                                    HELENA M. BARCH-KUCHTA
                                                                      UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28